IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
|  | : | CRIMINAL CASE |
| vs. | : | |
|  | : | No. 4:12-CR-20(RLV) |
| GEOFFREY WILLIAM HINE | : | |
|  | : | |

POST HEARING BRIEF IN SUPPORT
OF MOTION TO SUPPRESS

Comes now, GEOFFREY HINE, Defendant in the above-styled action, by and through undersigned counsel and files this Post Hearing Brief in Support of his previously filed Motion to Suppress.

Facts

Local law enforcement received an anonymous tip that Mr. Hine was in a relationship with a fifteen year old in Floyd County, Georgia and that in April, 2012, Mr. Hine was to travel from Australia to Atlanta to meet with the minor. (T. 5-7). After interviewing the minor and members of her family, law enforcement sought and obtained a warrant for Mr. Hine's arrest. *Id*. at 6. When his plane landed in Atlanta, law enforcement directed that none of the passengers be allowed to deplane. *Id*. at 7. Law enforcement boarded the plane, located Mr. Hine and informed him he was under arrest. *Id*. Mr. Hine was handcuffed behind

his back and escorted off the plane and into a police car on the tarmac. *Id*. at 9. Mr. Hine was taken to the Atlanta Police Department substation at the airport where he was read his *Miranda* rights by Special Agent Micah Childers of the FBI as they stood beside the car outside of the substation. *Id*. at 9-11. Mr. Hine indicated he understood his rights but was never asked nor did he ever offer he would waive them.

After Mr. Hine signed a waiver form, he was re-cuffed, this time in front, placed back into a law enforcement vehicle and transported to Floyd County. *Id*. at 13. Delta provided Mr. Hine's backpack and luggage which was also placed in the vehicle for the trip to Rome, Georgia. *Id*.  During the ride to Rome, Detective Lom began talking with Mr. Hine asking him why he was in the United States. *Id*. at 14. Once at the Floyd County Police Department, Mr. Hine was placed into an interview room and SA Childers asked him if he would consent to a search of his luggage and backpack. *Id*. at 15. Mr. Hine was provided a consent to search form which was filled out by law enforcement and asked to read it to himself, after which he signed the form. *Id*. at 17. Mr. Hine was also provided a consent to search form, again filled out by law enforcement, and asked to read it. He subsequently signed the form. *Id*.

Argument and Authority

2

In order for a custodial statement to be admissible against a criminal defendant, the government bears the burden of proving the defendant made a knowing and intelligent waiver of his right against self incrimination and his right to counsel. *United States v. Farley*, 607 F.3d 1294, 1326 (11th Cir. 2010). Further, a valid waiver cannot be presumed from a silent record. *Johnson v. Zerbst*, 304 U.S. 458 (1938). Here, it is undisputed SA Childers read Mr. Hine his *Miranda* rights and Mr. Hine indicated he understood them. However, Mr. Hine was never asked if he would waive his rights. Thus, as to the critical issue - - was Mr. Hine willing to waive his rights - - the record is silent. Yet, Mr. Hine was questioned during the drive from the Atlanta Airport to Floyd County about critical issues - - why he was in the United States and particularly, why he was in the area. Any statements Mr. Hine made during this custodial interrogation must be suppressed as the government cannot establish that Mr. Hine actually waived the rights he was read.

Similarly, the government cannot satisfy its burden of establishing Mr. Hine made a knowing and intelligent of his right against unreasonable searches and seizures. Indeed, "When the government seeks to justify a warrantless search based on consent, it bears the burden of proving, by a preponderance of the evidence, that it obtained knowing and voluntary consent." *United States v.*

*Harvey*, __ F.Supp. 2d __, 2012 WL 5331559 (N.D. S.Va. 2012) (*citing United States v. Toyer,* 414 F. App'x 584, 588 (4th Cir.2011) and *United States v. Buckner,* 473 F.3d 551, 554 (4th Cir.2007)).  First, Mr. Hine, who had never been to the United States before, was not advised of his right to decline to consent to a search.  Rather, he was presented waiver forms and asked to sign them.  A person who is not a citizen of this country would not be presumed to understand he had the right to refuse to consent to search in circumstances Mr. Hine found himself in - - without having done anything other than communicate with someone in the United States, he was approached by five to six armed law enforcement officers, placed under arrest, handcuffed and removed from a plane against his will.  Nothing in this encounter would give a person (no less a non-citizen) a belief he could refuse.  Rather, all of the objective circumstances indicate that law enforcement is going to do whatever it wanted, regardless of the wishes of the individual.  This reasonable assumption was further reinforced by the fact that law enforcement did not read the consent to search form to Mr. Hine, but instead, merely handed it to him to read.  Rather than saying Mr. Hine gave consent, the best SA Childers could say was Mr. Hine never said he did not wish to consent to the search.  (T. 17-18).  This is not enough.

    A defendant must affirmatively give up his right against warrantless

searches, not merely acquiesce to a lawful show of force. *Bumper v. North Carolina,* 391 U.S. 543, 548-49 (1968). Here, the government cannot prove, under any burden, Mr. Hine read the form he signed or knew the rights he was waiving. Assuming *arguendo* Mr. Hine knew and understood he did not have to allow a search of his belongings, the objective circumstances surrounding Mr. Hine's signing of the consent to search forms indicate a reasonable person would not feel he had the right to refuse to consent. Thus, rather than being voluntary, any consent given was merely the acquiescence to a show of lawful authority. This Court must suppress the evidence obtained as a result of the warrantless search of Mr. Hine's luggage and backpack.

WHEREFORE, Mr. Hine respectfully requests this Court suppress any statements he may have made to law enforcement. Further, Mr. Hine requests this Court suppress any evidence obtained as a result of law enforcement's warrantless search of his luggage and backpack.

Dated, this the 29th day of April, 2013.

                                      Respectfully submitted,

                                      *s/Jeffrey L. Ertel*
                                      JEFFREY L. ERTEL
                                      State Bar No. 249966

                                      FEDERAL DEFENDER PROGRAM, INC.
                                      101 Peachtree Street, Suite 1500
                                      Atlanta, Georgia 30303
                                      (404) 688-7530
                                      jeff_ertel@fd.org

                                      ATTORNEY FOR MR. HINE

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing on counsel for the Government electronically and by hand delivery at the following address:

>Cassandra Schansman, Esq.
>Asst. United States Attorney
>6th Floor
>Richard B. Russell Building
>75 Spring Street
>Atlanta, Georgia 30303

Dated, this the 29th day of April, 2013.

*s/Jeffrey L. Ertel*