**ORIGINAL**

# GUILTY PLEA and PLEA AGREEMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRIMINAL CASE NO. **4:12-CR-20-RLV**

**GEOFFREY WILLIAM HINE**, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Counts One and Two thereof. Pursuant to the Defendant's plea of guilty under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States Attorney for the Northern District of Georgia and the Defendant enter into a plea agreement as set forth below in Part IV of this document.

## I. ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crimes charged in the Indictment.

## II. ACKNOWLEDGMENT AND WAIVER OF TRIAL RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of any pre-trial proceedings. During trial, the Defendant would be presumed innocent; the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to cross-examine any witnesses called to testify against him. If the Defendant wished, he could present evidence in his defense and could compel, via subpoena, witnesses to testify on his behalf. The Defendant could also elect to testify. If, however, the Defendant

did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal his conviction.

3. The Defendant understands that, by pleading guilty, he is giving up all of these rights and that there will not be a trial of any kind. By pleading guilty, the Defendant also gives up all rights to pursue any affirmative defenses, Fourth and Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

4. Finally, the Defendant understands that, for the Court to accept his guilty plea, he may have to answer, under oath, questions posed to him by the Court concerning the rights he is giving up and the facts of his case. The Defendant acknowledges that his answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

5. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties for *each* of the two counts in the Indictment:

### As to Count One:

    (a)    Maximum term of imprisonment:    Thirty years.

    (b)    Mandatory minimum term of imprisonment:    None.

    (c)    Term of supervised release:    Two years to life.

    (d)    Maximum fine:    $250,000.

    (e)    Mandatory special assessment:    $100.

    (f)    Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

*As to Count Two:*

    (a)    Maximum term of imprisonment:    Life.

    (b)    Mandatory minimum term of imprisonment:    Ten years

    (c)    Term of supervised release:    Two years to life.

    (d)    Maximum fine:    $250,000.

    (e)    Mandatory special assessment:    $100.

    (f)    Forfeiture of any and all proceeds from the commission of the offense and any and all property used to facilitate the offense.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph, but that if the Court accepts this binding plea agreement, the Court will sentence the Defendant to a term of imprisonment of **120 months**.

### IV. PLEA AGREEMENT

6. The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, have reached a negotiated plea in this case, the terms of which are set forth in the subsequent paragraphs of this document for the Court's consideration and approval.

**A.**    <u>**Factual Basis**</u>

7. The Defendant acknowledges that the Government could prove by admissible evidence and beyond a reasonable doubt the following facts:

3

(a) On or about the dates alleged in the Indictment, Defendant knowingly used a computer connected to the Internet and a mobile telephone, with the intent to knowingly attempt to persuade, induce, entice, and coerce a minor who had not attained the age of 18 years, all with the intent to entice said minor to engage in illicit sex acts; and

(b) Defendant also admits that on or about the dates alleged in the Indictment, he knowingly traveled from Australia into the United States for the purpose of engaging in illicit sexual conduct with said minor.

## B. Binding Sentence Agreement

8. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the Defendant agree that the Defendant shall receive a sentence of **120 months** imprisonment on Counts One and Two, to run concurrent, for a total custodial sentence of **120 months** of imprisonment. The parties agree that this sentence is a reasonable sentence after consideration of 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines.

## C. Sentencing Recommendations

*Base/Adjusted Offense Level Recommendations*

9. Based upon the evidence currently known to the Government, both the Government and the Defendant understand that the Sentencing Guidelines will be applied in the following manner:

(a) The applicable offense guideline is Section 2G1.3(a)(3).

(b) Under Section 2G1.3, the Defendant's base offense level is 28.

(c) Under the Guidelines, the evidence supports a two-level increase pursuant to specific offense characteristic Section 2G1.3(b)(3) because said offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the

travel of, the minor to engage in prohibited sexual conduct

*Acceptance of Responsibility*

10. The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

*Fine--No Recommendation*

11. The Government agrees to make no specific recommendation as to the fine to be imposed on the Defendant within the applicable guideline range.

12. The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $200.00 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

*Restitution*

13. The Defendant agrees to pay full restitution to all victims of the offense(s) to which he is pleading guilty and all relevant conduct, including, but not

limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims.

### D.  No Additional Charges

14. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### E.  Forfeiture

15. The Defendant agrees to forfeit, waive and abandon all right, claim, and interest in any of the property seized by law enforcement in this case, and further agrees that the Federal Bureau of Investigation and/or any other law enforcement agency may use, sell, destroy or otherwise dispose of such property at will, to include any and all mobile telephone(s) and/or computer(s) seized at the time of his arrest.

### F.  Additional Waivers

16. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may

file a cross-appeal of that same sentence.

17. <u>FOIA/Privacy Act</u>. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

### G. Sex Offender Registry

18. Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Georgia following release from prison, he will be subject to the registration requirements of O.C.G.A. 42-1-12 and related provisions. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

### H. Miscellaneous Provisions

19. The parties reserve the right to inform the Court and the Probation Office

of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties reserve the right to make recommendations regarding application of the Sentencing Guidelines.

20. The Defendant understands and agrees that the recommendations of the Government and the Defendant incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

21. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### I. Recommendations/Stipulations - Binding

22. The Defendant and the Government agree that, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court is bound by the total sentence of **120 months** imprisonment agreed to above once the Court accepts

the terms of this plea agreement.

23. There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In open court this 19TH day of September, 2013.

_____
SIGNATURE (Attorney for Defendant)
**Nichole Kaplan, Jeff Ertel**

_____
SIGNATURE (Assistant U.S. Attorney)
**Cassandra J. Schansman**

_____
SIGNATURE (Section Chief)
**Yonette Buchanan**

_____
SIGNATURE (Defendant)
**Geoffrey W. Hine**

_____
DATE

## CERTIFICATION OF DEFENDANT AND COUNSEL

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____    9/19/13
SIGNATURE (Defendant)         DATE

I am GEOFFREY WILLIAM HINE'S lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____    9/19/13
SIGNATURE (Defense Attorney)  DATE

Indictment BELOW MUST BE TYPED OR PRINTED

| | GEOFFREY WILLIAM HINE |
|---|---|
| NAME (Attorney for Defendant) | NAME (Defendant) |
| | |
| STREET | STREET |
| | |
| CITY & STATE   ZIP CODE | CITY & STATE   ZIP CODE |
| PHONE NUMBER _____ | PHONE NUMBER _____ |

STATE BAR OF GEORGIA NUMBER _____

Filed in Open Court

_____

By _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 4:12-CR-20-RLV |
| DEFENDANT'S NAME: | GEOFFREY WILLIAM HINE |
| PAY THE AMOUNT: | $200 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

   CLERK OF COURT, U.S. DISTRICT COURT

   ***PERSONAL CHECKS WILL NOT BE ACCEPTED*** 

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA.

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

   Clerk, U.S. District Court
   600 East First Street
   Rome, Georgia 30161

   (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER.**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT.

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED ASA WITHIN 30 DAYS OF THE GUILTY PLEA.