IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEOFFREY WILLIAM HINE, | :: | MOTION TO VACATE |
| Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:12-CR-20-HLM-WEJ-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:15-CV-25-HLM-WEJ |

**ORDER AND
FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant pro se Geoffrey William Hine's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [65] ("Motion to Vacate"), Motions for Leave to Conduct Discovery [66 and 75] ("Motions for Discovery"), and the government's Response [76]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate [65] be **DISMISSED** as time barred, and Mr. Hine's Motions for Discovery [66 and 75] are **DENIED** as moot.

**I.   PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a two-count indictment against Mr. Hine charging him in Count One with traveling with the intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b),

and in Count Two with enticement of a minor for sexual activity, in violation of 18 U.S.C. § 2422(b). (Indict. [1].) Mr. Hine entered a binding guilty plea to both counts, pursuant to a negotiated plea agreement, which provided that the Court would impose the mandatory minimum sentence of 120 months of imprisonment. (Guilty Plea and Plea Agreement [53]; Plea Tr. [73].) The plea agreement also included an appeal waiver provision, which provided that Mr. Hine

> voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Mr. Hine] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Guilty Plea and Plea Agreement 6.) Mr. Hine signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 9-10.) Additionally, at the plea hearing, the Court reviewed the terms of the appeal waiver provision of the plea agreement and its consequences, and Mr. Hine affirmed that he understood the effect of the waiver. (Plea Tr. 12-13.)

2

At the sentencing hearing, the Court approved the plea agreement, determined that Mr. Hine's guideline range was 108 to 135 months of imprisonment, and sentenced Mr. Hine to the agreed upon sentence of 120 months of imprisonment. (Sentencing Hr'g Tr. [74] 3.) The Court entered judgment [59] on December 20, 2013. Mr. Hine did not file a direct appeal.

Mr. Hine filed this Motion to Vacate on February 10, 2015.[1] (Mot. Vacate 15.) As grounds for relief, Mr. Hine alleges: (1) ineffective assistance of counsel for, among other things, failure to file a direct appeal; (2) prosecutorial misconduct; (3) judicial error; and (4) misconduct by other "local, state, and federal authorities" in violation of his constitutional rights. (Id. at 4-7, 9-10.) Mr. Hine further moves the Court for leave to conduct discovery in order to support the merits of his grounds for relief. (See generally Motions for Discovery.) As to the timeliness of his Motion to Vacate, Mr. Hine asserts, in relevant part, that his attorneys failed to file a direct appeal. (Mot. Vacate 14; Resp. to Order [71] 2-3; Hine Aff. [71-1].) The government

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

3

responds that the Motion to Vacate is time barred and that Mr. Hine has not met his burden to show that he is entitled to equitable tolling. (Gov't Br. [76].)

## II. DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, the event governing the one-year limitation period is the date Mr. Hine's convictions and sentences became final, i.e., January 3, 2014, when the time for filing a direct appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (for § 2255

4

statute of limitations purposes, "a judgment of conviction becomes final when the time for filing a direct appeal expires." (citation omitted)). The ninety-day period for filing a petition for a writ of certiorari with the Supreme Court does not apply because Mr. Hine did not file a direct appeal of his conviction. Ramirez, 146 F. App'x at 326. Thus, absent tolling, the one-year statute of limitations expired on January 3, 2015, and Mr. Hine's Motion to Vacate, which he filed on February 10, 2015, is untimely by thirty-eight days.

Mr. Hine does not contend that he is actually innocent. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (holding that a plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)). Instead, Mr. Hine argues that he is entitled to equitable tolling because his attorneys failed to file a direct appeal.[2]

---

[2] To the extent that Mr. Hine maintains that his lack of a legal education prevented him from bringing this action sooner, "ignorance of the law is insufficient rationale for equitable tolling." Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (per curiam) (citation omitted).

5

"The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) (citation omitted). Although "garden variety" claims of attorney negligence do not warrant equitable tolling, "far more serious instances of attorney misconduct" may meet this standard. Holland v. Florida, 560 U.S. 631, 651-52 (2010). When an attorney does not comply with his client's request to file an appeal of his sentence, those circumstances "would constitute ineffective assistance *per se*." Tucker v. United States, 249 F. App'x 763, 765 (11th Cir. 2007) (per curiam). Additionally, a § 2255 motion based on counsel's failure to file a **requested** direct appeal could be considered timely under § 2255(f)(4) if the movant files within one year of the date he could have discovered, through the exercise of due diligence, that no appeal had been filed. Id.; Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the [movant,]" and "[m]ere conclusory allegations are insufficient to raise the issue." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011).

6

Mr. Hine maintains that his former counsel, Thomas Jesse Waldrop, had initially agreed to file a direct appeal if Mr. Hine was convicted following a jury trial. (Hine Aff. ¶ 12.) However, several months after Mr. Waldrop's untimely death, Mr. Hine, on the advice of new counsel, Jeffrey Lyn Ertel and Nicole M. Kaplan, entered a negotiated guilty plea, which included a waiver of his right to file a direct appeal. (Id. ¶¶ 14, 18-19; Guilty Plea and Plea Agreement ¶ 16.) Mr. Hine states that, "[a]fter sentencing, [he] awaited information and updates from [his attorneys] apprising [him] of the Direct Appeal status and progress," and that, some unspecified time later, he made "numerous [unsuccessful] attempts" to contact his attorneys via telephone. (Hine Aff. ¶¶ 20, 23-25.) Mr. Hine maintains that he later "determined that the opportunity to file a Direct Appeal, if it had not already been completed by counsel, was passed." (Id. ¶ 24.)

Mr. Hine does not allege that he ever asked either Mr. Ertel or Ms. Kaplan to file a direct appeal. Mr. Hine further does not state precisely when he attempted to contact those attorneys following sentencing or when he determined that no appeal had been filed. Thus, Mr. Hine fails to demonstrate that he acted diligently in learning that his appeal had not been filed. Additionally, given that Mr. Hine's guilty plea included an appeal waiver with exceptions that do not apply here, that he received the sentence for

7

which he bargained, and that he has not alleged facts to show that he reasonably demonstrated to his attorneys an interest in appealing, the Court finds that a reasonable person in Mr. Hine's situation would not have expected counsel to file an appeal and furthermore would not have let more than a year run before filing his motion to vacate. Because Mr. Hine has not met his burden to show that his Motion to Vacate is timely under § 2255(f)(4) or that he is entitled to equitable tolling, the motion should be dismissed as time barred.

### III.   CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a).  Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to

8

deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of this Motion to Vacate as time barred is not debatable by jurists of reason, the Court should deny a certificate of appealability.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Vacate [65] be **DISMISSED** as time barred and that a certificate of appealability be **DENIED**. Mr. Hine's Motions for Discovery [66 and 75] are **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 1st day of June, 2015.

*[signature: Walter E. Johnson]*

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)