# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ROME DIVISION

GEOFFREY WILLIAM HINE,

v.

CRIMINAL ACTION FILE NO.: 4:12-CR-20-01-HLM-WEJ

CIVIL ACTION FILE NO.: 4:15-CV-0025-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [65], on the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [77], and on Petitioner's Objections to the Order and Final Report and Recommendation [79].

AO 72A

(Rev.8/8
2)

## I.   Standard   of   Review   for   a   Report   and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

The Court incorporates the procedural history portion of the Order and Final Report and Recommendation into this Order as if set forth fully herein, and adds only those background facts that are relevant to this Order. (Order & Final Report & Recommendation (Docket Entry No. 77) at 1-4.) On June 1, 2015, Judge Johnson issued his Order and Final Report and Recommendation. (Docket Entry No.

3

77.)  Judge Johnson recommended that the Court dismiss Petitioner's § 2255 Motion as untimely.  (Id.)

Petitioner has filed Objections to the Order and Final Report and Recommendation.  (Docket Entry No. 79.)  The Court finds that no response to those Objections from the Government is necessary, and concludes that the matter is ripe for resolution.

## III.  Discussion

The Court agrees with Judge Johnson that § 2255's one-year statute of limitations bars Petitioner's § 2255 Motion.  (Order & Final Report & Recommendation at 4-8.) Petitioner did not file a direct appeal of his conviction, and the one year statute of limitations ordinarily would have expired on January 3, 2015.  (Id. at 4-5.)  Petitioner did not

4

sign and mail his § 2255 Motion until February 10, 2015,
and it ordinarily would be untimely.  (Id. at 5.)

Judge Johnson correctly found that Petitioner "does not
contend that he is actually innocent." (Order & Final Report
& Recommendation at 5.)   Judge Johnson also properly
found that Petitioner has not shown that he is entitled to
equitable tolling based on his argument that his counsel
failed to file a direct appeal. (Id. at 5-8.) As Judge Johnson
noted:

> [Petitioner] does not allege that he ever asked
> either [of his attorneys] to file a direct appeal.
> [Petitioner] further does not state precisely when
> he attempted to contact those attorneys following
> sentencing or when he determined that no appeal
> had been filed.   Thus, [Petitioner] fails to
> demonstrate that he acted diligently in learning
> that his appeal had not been filed.  Additionally,
> given that [Petitioner's] guilty plea included an
> appeal waiver with exceptions that do not apply
> here, that he received the sentence for which he

AO 72A

(Rev.8/8
2)

bargained, and that he has not alleged facts to show that he reasonably demonstrated to his attorneys an interest in appealing, the Court finds that a reasonable person in [Petitioner's] situation would not have expected counsel to file an appeal and furthermore would not have let more than a year run before filing his motion to vacate. Because [Petitioner] has not met his burden to show that his Motion to Vacation is timely under § 2255(f)(4) or that he is entitled to equitable tolling, the motion should be dismissed as time barred.

(Id. at 7-8.) With all due respect to Petitioner, nothing in his Objections warrants a different result. (See generally Objections (Docket Entry No. 79).) Specifically, nothing in Petitioner's Objections establishes the extraordinary or unusual circumstances required to invoke equitable tolling. (See generally id.)

The Court finds Judge Johnson correctly found that Petitioner's § 2255 Motion was untimely. The Court therefore adopts the Order and Final Report and

6

Recommendation, overrules Petitioner's Objections, and dismisses Petitioner's § 2255 Motion as untimely.

Further, for the reasons set forth in the Order and Final Report and Recommendation, the Court concludes that Petitioner is not entitled to a certificate of appealability. (Final Report & Recommendation at 8-9.) Specifically, "the dismissal of this [§ 2255 Motion] as time barred is not debatable by jurists of reason." (Id. at 9.) To the extent that Petitioner objects to that ruling, nothing in Petitioner's Objections warrants a different conclusion. (See generally Objections.)

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [77], **OVERRULES**

7

Petitioner's Objections to the Order and Final Report and Recommendation [79], and **DISMISSES** as untimely Petitioner's Motion to Vacate, Set Aside or Correct Sentence [65]. The Court **DECLINES** to issue a certificate of appealability. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:15-CV-0025-HLM-WEJ.

IT IS SO ORDERED, this the 23 day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE

8