IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| GEOFFREY WILLIAM HINE, | :: | MOTION TO VACATE |
|    Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
|    v. | :: | CRIMINAL NO. |
| | :: | 4:12-CR-0020-HLM-WEJ-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:15-CV-0153-HLM-WEJ |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant pro se Geoffrey William Hine's second Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [93] ("Second Motion to Vacate"). For the reasons stated below, the undersigned **RECOMMENDS** that the Second Motion to Vacate [93] be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)")[1] because it is impermissibly successive.

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a two-count indictment against Mr. Hine charging him in Count One with traveling with the intent to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b), and in Count Two with enticement of a minor for sexual activity, in violation of 18 U.S.C. § 2422(b). (Indict. [1].) Mr. Hine entered a binding guilty plea to both counts, pursuant to a negotiated plea agreement, which provided that the Court would impose the mandatory minimum sentence of 120 months of imprisonment. (Guilty Plea and Plea Agreement [53]; Plea Tr. [73].) On December 20, 2013, the Court entered judgment [59], sentencing Mr. Hine to the agreed-upon sentence of 120 months of imprisonment. Mr. Hine did not file a direct appeal.

On February 10, 2015, Mr. Hine submitted an initial Motion to Vacate, alleging: (1) ineffective assistance of counsel for, among other things, failure to file a direct appeal; (2) prosecutorial misconduct; (3) judicial error; and (4) misconduct by other "local, state, and federal authorities" in violation of his constitutional rights. (Mot. Vacate [65] 5-7, 8-10, 15.) On June 24, 2015, the Court dismissed Mr. Hine's initial Motion to Vacate as time barred. (Order of June 23, 2015 [80].)

Mr. Hine then filed a Notice of Appeal [82] and a Motion for Reconsideration [88]. The Court denied Mr. Hine's Motion for Reconsideration on July 23, 2015. (Order of July 23, 2015 [90].) Mr. Hine submitted this Second Motion to Vacate on August 10, 2015. (Second Mot. Vacate 9.)

## II.   DISCUSSION

Because Mr. Hine filed a prior Motion to Vacate that was dismissed as untimely, this Second Motion to Vacate is impermissibly successive. See Candelario v. Warden, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) ("[A] second petition is successive if the first was denied or dismissed with prejudice, . . . and a dismissal for untimeliness is with prejudice . . . ." (citations omitted)), cert. denied, 135 S. Ct. 2367 (2015). Accordingly, this Court may consider Mr. Hine's Second Motion to Vacate only if he has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Mr. Hine has obtained such authorization. Accordingly, the Court lacks jurisdiction to consider his Second Motion to Vacate.

## III.   CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a

3

certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Mr. Hine cannot demonstrate "a substantial showing" of being denied "a constitutional right" as a result of having this action dismissed as impermissibly successive. Therefore, the Court should deny a certificate of appealability.

## IV.  CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Mr. Hine's Second Motion to Vacate [93] be **DISMISSED** pursuant to Rule 4(b) as impermissibly successive and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the Second Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 20th day of August, 2015

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE