IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

GEOFFREY WILLIAM HINE,

v.

CRIMINAL ACTION FILE
NO.: 4:12-CR-20-01-  HLM-
WEJ

CIVIL ACTION FILE NO.:
4:15-CV-0153-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's second Motion to

Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255

("Second § 2255 Motion") [93], and on the Final Report and

Recommendation of United States Magistrate Judge Walter E.

Johnson [95].

## I.    Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate

judge's report and recommendation, the district court "shall make

a de novo determination of those portions of the report or specified

AO 72A
(Rev.8/8
2)

proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. App'x 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

The Court incorporates the procedural history portion of the Final Report and Recommendation into this Order as if set forth

AO 72A
(Rev.8/8
2)

fully herein, and adds only those background facts that are relevant to this Order.  (Final Report & Recommendation (Docket Entry No. 94) at 2-3.)  On August 20, 2015, Judge Johnson issued his Final Report and Recommendation.  (Docket Entry No. 94.)  Judge Johnson recommended that the Court dismiss Petitioner's § Second 2255 Motion as a second or successive § 2255 Motion. (Id.)

Petitioner has not filed Objections to the Final Report and Recommendation.  (See generally Docket.)  The time period in which Petitioner could file Objections has expired, and the Court concludes that the matter is ripe for resolution.

## III.   Discussion

The Court agrees with Judge Johnson that Petitioner's Second § 2255 Motion is a second or successive § 2255 Motion, and that the Court lacks jurisdiction to entertain it because Petitioner has not obtained prior authorization from the United States Court of Appeals for the Eleventh Circuit to file a second or

3

successive § 2255 Motion. (Final Report & Recommendation at 3.) The Court therefore adopts the Final Report and Recommendation, and dismisses Petitioner's Second § 2255 Motion without prejudice because it is a second or successive § 2255 Motion. Further, for the reasons set forth in the Final Report and Recommendation, the Court concludes that Petitioner is not entitled to a certificate of appealability. (Id. at 3-4.)

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [94], and **DISMISSES WITHOUT PREJUDICE** Petitioner's second Motion to Vacate, Set Aside or Correct Sentence [93] as a second or successive § 2255 Motion. The Court **DECLINES** to issue a certificate of appealability. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the Second § 2255

AO 72A

(Rev.8/8
2)

Motion:  Civil Action File No. 4:15-CV-0153-HLM-WEJ.

IT IS SO ORDERED, this the 11 day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

5